The plaintiff having succeeded at the trial, and the supreme court having reversed the judgment for the plaintiff, upon exceptions taken at the trial by the defendants, and the plaintiff having appealed to this court from the judgment of reversal, we are to consider whether any of the defendant's exceptions are well taken.
The first of these exceptions relates to the ruling of the court upon an offer of the plaintiff to prove certain proceedings in the supreme court, showing that before the sale of the premises in question under executions by the sheriff, he had been fined by the supreme court for contempt in not returning those executions, to the amount which he had been commanded to collect upon them with costs; and that before any further proceedings were had, the sheriff paid the amount to the plaintiffs. The plaintiff insisted that such payment put an end to the sheriff's authority to sell on the executions. On the other hand, the defendants took several grounds of objection to the admissibility of the offered proof. The court ruled that the evidence was admissible, but did not decide any thing as to the effect of it when admitted. Its admissibility therefore is the only question before us. The decision of that question depends upon the view we shall take of the general question in the cause, which is whether a sheriff who has been fined in the amount of an execution for neglect of duty in respect to it, and who in pursuance of the order imposing the fine has paid the amount of the execution to the plaintiff therein, can without any order of the court imposing the fine, authorizing him so to do, proceed to *Page 76 
sell real estate of the defendant upon the execution, for his own indemnity. That question will be considered when we come to the charge under which the case was submitted to the jury. If the plaintiff was right in respect to this last proposition, then the evidence offered was admissible, because it was a material part of the plaintiff's case upon the question stated.
The substance of the charge was that if the moneys paid to the plaintiffs in the executions were at the time of such payment the sheriff's moneys, and if the payment was made by or on account of the sheriff, in satisfaction of the fines imposed upon him for neglect of duty in returning the executions, the sheriff could not lawfully enforce the judgments and executions for his own indemnity; and that the sale and conveyance made by the sheriff, if made under the circumstances and for the purposes before stated, was illegal, unauthorized and void as against the plaintiff, and did not affect his title. To this the defendant excepted.
A purchaser under a power, is bound to see to it that the power exists. If it does not exist, he can acquire no title. (Jackson
v. Morse, 18 John. 441; Wood v. Colvin, 2 Hill, 566.) The mere fact of paying a valuable consideration does not help his case, any more than it would if he purchased from a stranger to the title. The sheriff who sells under a judgment and execution exercises a statutory power, by virtue of which alone his deed can operate upon the title to the land sold. When the judgment has been paid, the authority to sell under it is gone. The plaintiffs in the executions on which the sale was made which is in question in this case, had received from the sheriff the whole amount of their judgments. If that payment had been voluntary on the part of the sheriff, he could not have proceeded to collect the executions for his own indemnity. (Reed v.Pruyn, 7 John. 426; Sherman v. Boyce, 15 id. 443;Mills v. Young, 23 Wend. 314; Bigelow v. Provost, 5Hill, 566.) That no distinction exists between a voluntary payment and one made in discharge of a fine imposed on the sheriff for not returning an execution, is shown in the last case. The *Page 77 
court which imposes the fine might probably provide, that the sheriff should have the benefit of the demand against the defendant. Such was probably the effect of the rule by which the fine was imposed upon the sheriff in this case, up to the 3d of July, 1847, until which time, on certain conditions proceedings upon the order were stayed. The object of the provision probably was to enable the sheriff even at that late period to save himself from the consequences of his previous misconduct, by going on under the execution against the property of the defendant. He did not avail himself of this privilege. After the period limited by the order he paid the money and then went on to sell for his own indemnity. The good policy of the rule which forbids such conduct on the part of the sheriff is plain. To protect him from the consequences of his misconduct in not enforcing the process in his hands, by subrogating him to the rights of the creditor, would in the first place take away a strong stimulant to a prompt discharge of his duty, and in the next place would as the cases say, "open a wide door to abuse and oppression."
The question whether a purchaser in good faith for a valuable consideration, and without notice, would stand in any better position to assert title, founded upon a sale, under such circumstances, was not made at the trial. If the defendants desired to take that ground they should have stated it in their exception, or called the attention of the judge to it by a proper request. The ground of bona fide purchase, does not seem to have been alluded to during the trial, except as one ground of the defendants' objections to the admissibility of the evidence offered on the part of the plaintiff, as before stated. In that aspect of it, the judge was required by the defendants to determine in advance that the defendants had made out a case of bona fides in the purchase, which was a question for the jury.
At the conclusion of the charge, several requests to charge were presented to the judge, which I proceed to notice. The first was, that if the judgments had not been paid, either by the defendant in the execution, or by some person at his request, *Page 78 
or with the intent to satisfy the same, then the defendants were entitled to recover. That, if charged, would have been at least equivalent to holding that the sheriff himself could by the payment of his fine, if he did not thereby intend to satisfy the judgments, acquire the right to sell for his own indemnity under the executions. That proposition has been already disposed of. The next proposition was, that if the money was paid by the sheriff as a fine, such payment did not extinguish or satisfy the judgments. That naked question did not arise in the case. The question was, whether if the sheriff paid the money as a fine, he could afterwards enforce the executions for his own indemnity, not, whether that payment of itself extinguished or satisfied the judgments.
The third request was, that if the money was paid to the execution creditors or their attorney, and received as a consideration for the assignment of the judgments, then the judgments had not been satisfied or extinguished. The court refused so to charge without adding by way of modification, "if the assignments were to be to any person other than the sheriff." The request as made, involved the proposition that the sheriff might in that way acquire the right to enforce the judgment for his own benefit, and was therefore rightly rejected.
The next request involved the same proposition in more direct terms. It required the court to hold, that if the money was paid and received as a consideration for the assignment of the judgments, then whether it was the money of the sheriff or not was immaterial, and the judgments had not been satisfied or extinguished. It was rightly refused upon the ground before stated.
The last request was that the jury should be charged, that if they believed Carpenter, the plaintiff, knew that Coddington had received the money, and the judgments had been assigned, and that the property was advertised to be sold, and then endeavored to have the sale deferred, and did not give any notice to the purchaser at the time of the sale, he was to be deemed to have acquiesced in the right to sell, and was estopped from setting *Page 79 
up that there was no right or authority to sell. This request was refused.
We have held, (Bagley v. Smith, MS.) that a request must be in such form that the judge may properly charge in the terms of the request, without qualification. Assuming that in this case the judge may have been bound upon a proper request to charge upon the question, whether the plaintiff was or was not estopped from denying the sheriff's authority to sell, several points not embraced in the request to charge, ought to have been added for their consideration. In the first place, knowledge on Carpenter's part that the judgments had been assigned, would have imposed no duty upon him to interfere to prevent the sale; because, as the court held upon the trial, if the assignment to Geo. P. Jenkins had been made to him for his own benefit, and upon payment out of his own funds, the sale would have been good; and knowledge on Carpenter's part, to bind him by an estoppel in pais, ought to have gone at least to the extent of acquaintance with the facts on which his rights depended. The request should at least have embraced knowledge on Carpenter's part that the judgments had been assigned for the benefit of the sheriff. In the second place, assuming that all the other facts mentioned in this request were sufficient, unless the defendants were purchasers bona fide, or at any rate were in some way misled as to their rights by Carpenter's silence, they could set up no estoppel. The refusal to charge this proposition was clearly correct.
DENIO, PARKER and EDWARDS, Js. concurred.
GARDINER, Ch. J. was in favor of affirming the judgment of the supreme court.
Judgment of the supreme court reversed, and that of the city court of Brooklyn affirmed. *Page 80